# Spencer's Estate.

*Executors and administrators—Trusts and trustees—Real estate—Vendor and vendee—Ejectment—Practice, O. C—Jurisdiction.*

1. A petition to the orphans' court by two coexecutors and cotrustees under a will, claiming title for the estate to certain real property and asking the court to set aside a sale of the premises made by a third coexecutor and cotrustee to a stranger, will be dismissed where the agreement of sale shows on its face that it was made by the coexecutor and cotrustee in his individual and not his representative capacity; ejectment being the proper proceeding for the determination of such a dispute over title.

2. The orphans' court has power to review, set aside, and order a resale of real estate made under a testamentary power, but has no jurisdiction in a dispute over title to real property between the decedent's estate and a person claiming through an agreement of sale made by an executor in his individual capacity.

*Agreements between counsel—Jurisdiction.*

3. An agreement between counsel, the meaning of which is not clear, will not be used to bar an otherwise competent jurisdiction.

Argued Feb. 21, 1910. Appeal, No. 250, Jan. T., 1909, by Jennie Bowie, from decree of O. C. Lackawanna Co., 1904, No. 216, setting aside a contract of sale of real estate in Estate of Harriet Amanda Spencer, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Rule to show cause why a contract of sale of real estate should not be set aside. Before Sando, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was decree setting aside the contract.

*A. A. Vosburg,* with him *C. H. Von Storch,* for appellant.

*John P. Kelley,* with him *Jospeh O'Brien* and *William W. Lathrope,* for appellees.

Opinion by Mr. Justice Mestrezat, March 14, 1910:

J. W. Hull and Dan Hull, surviving executors of the last will of Harriet Amanda Spencer, presented their petition to the orphans' court of Lackawanna county averring, inter alia: that the testatrix died March 28, 1901, leaving a will which was duly probated on May 6, 1904; that she devised her real estate to her husband George Spencer, her brother, J. Wesley Hull and his son, Dan Hull, in trust for various purposes set forth in the will; that said parties were also named as executors of the will; that George Spencer entered into a written contract with Jennie Bowie, the appellant, dated January 2, 1908, for the sale and conveyance of said real estate to the said Bowie for the consideration therein named, and possession of the property was to be given on April 1, 1908; that no part of said consideration money had been paid to the petitioners, the surviving executors and trustees, and that they had no knowledge that any part of said consideration had been paid to the said George Spencer; that the husband of the testatrix died April 13, 1908; and prayed that the said Bowie should be required to produce the agreement and show cause why the sale made thereby should not be set aside and the agreement canceled and declared to be null and void. A citation was awarded as prayed for in the petition. Jennie Bowie filed an answer in which she averred that the consideration named in the contract was paid and that the petitioners had knowledge of the fact. A copy of the agreement was filed with the answer. The agreement is dated January 2, 1908, and is "by and between George Spencer, . . . and Jennie Bowie." Spencer,

by this agreement, agrees to sell and convey to Bowie a certain described lot of ground for the consideration of $2,586, payable as therein stipulated. Bowie agrees to purchase the premises from Spencer for the price and on the terms named in the agreement.

The respondent denies that the orphans' court has jurisdiction to pass on the title acquired by the appellant, and contends that if the allegations in the petition be true the remedy of the plaintiffs is an action of ejectment. The orphans' court did not sustain this contention, but held that it had jurisdiction to grant the prayer of the petition, relying on Armstrong's App., 68 Pa. 409, Dundas's App., 64 Pa. 325, and other cases of that class in which it is held that the orphans' court has power to control executors and other testamentary trustees in the exercise of their powers over real and personal estate, and has power to review, set aside, and order a resale of real estate made under a testamentary power.

There can be no doubt about the correctness of the principle announced in these cases, and that the orphans' court has such authority in case of a sale of real estate made by a testamentary trustee. But that is not this case. The respondent is in possession of the real estate. She claims title thereto by a written agreement with one George Spencer, made by him in his individual capacity. While, as the petition discloses and the answer admits, Spencer was named as a coexecutor and cotrustee with the petitioners under the will of Mrs. Spencer, he did not, so far as the agreement discloses, enter into the agreement to sell the real estate in controversy by virtue of his authority as an executor or a trustee, but simply as an individual. The agreement does not purport to be an execution of a power conferred by the will of Mrs. Spencer, nor to have been executed by George Spencer as a trustee or executor appointed by the will. It sells and agrees to convey to Jennie Bowie the title of George Spencer to the premises described in it. Whatever title Spencer had as an individual, this contract purports to and does agree to convey to Jennie Bowie. If he had a good title to the premises, it vested in Jennie Bowie by virtue of this agreement.

If J. Wesley Hull and Dan Hull as executors or trustees under the will of Mrs. Spencer have title to the premises in dispute, they must assert it in an action of ejectment. The orphans' court is not the proper forum in which to adjudicate the title of Jennie Bowie, who has possession and claims title to the premises through a party acting for himself and not as a trustee or executor of Mrs. Spencer. She has the right to remain in possession of the premises until the trustees show title and right of possession. Whether George Spencer is a devisee under the will of Mrs. Spencer and took title to the premises which he conveyed to Jennie Bowie can only be determined by an action brought in the proper court for that purpose. Pullen v. Rianhard, 1 Whart. 514, was ejectment by a trustee to recover lands conveyed in trust to permit a married woman to take the rents and profits for her separate use which were not to be subject to her husband's debts. It was held that the trustee could recover against a purchaser at sheriff's sale under a judgment in tort against the husband and wife. If a judgment had been recovered against George Spencer and his interest in the property had been sold thereunder and purchased by Jennie Bowie, it would not be pretended that the orphans' court could determine whether she had taken a good title or not. Whatever title or interest he had in the premises would pass by the sheriff's sale, just as his interest or title to the premises passed by the agreement between him and Jennie Bowie. The proper forum in which to determine whether Spencer took title to the premises in dispute under his wife's will, and whether that title is now in Jennie Bowie is in the common pleas and not in the orphans' court. If she has a valid title, acquired from any source, she cannot be ousted from the premises.

We do not think the respondent is prevented from denying the jurisdiction of the orphans' court by reason of the agreement of her counsel, made on the trial of the cause, that by the contract of January 2, 1908, Spencer intended to convey to Miss Bowie his wife's title to the premises under the authority contained in the will. It is not at all clear just what counsel meant by this agreement, and hence we will not de-

prive the respondent of her right to have her title determined in a court of competent jurisdiction.

We express no opinion as to the title of Jennie Bowie to the premises in dispute, nor as to the proper interpretation of the will of Harriet Amanda Spencer. It will be time enough to consider those questions when they are raised in a proper action brought in a court having jurisdiction to determine them.

The decree of the court below is reversed, and the petition is dismissed at the costs of the petitioners.