# Briggs, Appellant, *v.* Caldwell.

*Wills—Construction—Trust and trustees—Life estate—Estate in fee—Power to sell.*

A devise of an interest in the residue of an estate to a trustee for testator's daughter "with full power to sell and receive moneys, retain and pay to her her portion of my estate in accordance with this will, and as he may think best, also to have power to sell real estate and make deeds of the same," followed by a gift over, after the death of the daughter, of "whatever remains of real estate or personal property," does not give to the daughter an absolute fee, but what remains of the trust estate passes after her death under the will of the testator.

Argued April 16, 1912. Appeal No. 270, Jan. T., 1911, by plaintiff from judgment of C. P. Blair Co., June T.,

1909, No. 184, for defendant on case stated in suit of James Alexander Briggs, a minor by Jane Keating as his next friend, v. Carl O. Caldwell, Matilda Clark and Alfred Clark, her husband, and John D. Caldwell. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated in ejectment.

BALDRIDGE, P. J., stated the facts to be as follows:

An action of ejectment was brought by the plaintiff against the defendant to recover the one-fifth interest in a tract of land in Blair and Frankstown townships, Blair county, containing 92.97 acres. The plaintiff, a grandson of Frances Caldwell Milliken, claimed title to the premises under the will of David Caldwell. The parties to the action agreed upon the facts in a case stated, and stipulated that if Frances C. Milliken received under the will of her father, David Caldwell, an estate in fee simple, judgment should be entered for the plaintiff, but if Frances C. Milliken took a life estate under said will, then judgment should be entered for the defendants.

That portion of the David Caldwell will which has bearing upon the question in dispute is as follows:

"Second. I devise to the trustee of my daughter, Frances Milliken, for her use and benefit, the brick house and lot of ground on Mulberry street, Hollidaysburg; also the book-case and books in my front parlor. Also the one-half of all my household and kitchen furniture. Also the sum of five hundred dollars in cash.

"Third. I give and bequeath to the children of my son John the brick house and lot of ground on which I now reside. Also the old tannery, together with tools and fixtures, sheds, etc., with the right of egress and ingress as at present. Also the out-lot adjoining the river, with stable, etc. Also the one-half of all my household and kitchen furniture. Also the sum of five hundred dollars, to be equally divided between them, share and

share alike, the property bequeathed to my grand-children not to be sold or partitioned out until after the youngest child is twenty-one years of age.

"Fourth. All the remainder of my estate, after the aforesaid, I bequeath and devise as follows: To the trustee of my daughter Frances, for her use, and to the children of my son John, deceased, share and share alike. That is to say, one-fifth to my daughter Frances's trustee, for her use, one-fifth to my grandson, David Caldwell, Jr., one-fifth to Matilda Caldwell, one-fifth to John D. Caldwell, and one-fifth to Carl Caldwell.

"Fifth. I hereby appoint John Dean, Esq., of Hollidaysburg, trustee for my daughter Frances, with full power to sell and receive moneys, retain and pay to her her portion of my estate in accordance with this will and as he may think best. Also to have power to sell real estate and make deeds for same.

"Sixth. After the death of my daughter Frances, I direct that whatever remains of real estate or personal property be divided equally between the children of my son John, share and share alike.".

The attorney for plaintiff contends that Frances Milliken, daughter of the testator, was the primary object of his bounty; that she was the first taker, and under the fourth paragraph in the will she received an absolute estate, which could not subsequently be reduced to a life estate; furthermore, that her trustee had the right to consume, sell and dispose of her estate, and that, therefore, she was entitled to a fee.

The court entered judgment for defendants on the case stated.

*Error assigned* was the judgment of the court.

*John M. Snyder,* for appellant.—A devise with a power to give a fee, passes a fee: Hoxie v. Chamberlain, 228 Pa. 31; Second Ref. Presbyterian Church v. Disbrow, 52 Pa. 219; Huber v. Hamilton, 211 Pa. 289; Wit-

mer v. Delone, 225 Pa. 450; Luce v. Harris, 79 Pa. 432; Barrett's Est., 22 Pa. Superior Ct. 74; Watson v. Smith, 210 Pa. 190; Evans v. Smith, 166 Pa. 625.

*Marion D. Patterson,* for appellees.—Where subsequent provisions show the nature of the estate, that what might be a fee under preceding terms of the will was intended to be an estate for life or for years, they should be given effect: Sheets's Est., 52 Pa. 257; Urich v. Merkel, 81 Pa. 332; Kreb's Est., 184 Pa. 222; Boulevard from Second Street, 230 Pa. 491; Allen v. Hirlinger, 219 Pa. 56.

It is an active trust where it is within the discretion of the executors whether a sale of a property devised is necessary: Krebs's Est., 184 Pa. 222; Shower's Est., 211 Pa. 297.

The power to sell does not of itself raise an estate for life to a fee simple: Columbia Ave. Savings Fund, Safe Dep., Title & Trust Co. v. Lewis, 190 Pa. 558.

OPINION BY MR. JUSTICE ELKIN, May 6, 1912:

This is an action of ejectment for an undivided one-fifth interest in a tract of land in Blair County. The title depends upon the construction to be given the will of David Caldwell, deceased. The controversy arises under the residuary clause by which the testator gave a one-fifth interest in the residue of his estate to the trustee of his daughter Frances, for her use, and the land in controversy passed under this devise. He then appointed a trustee for this daughter, "with full power to sell and receive moneys, retain and pay to her her portion of my estate in accordance with this will, and as he may think best, also to have power to sell real estate and make deeds for the same." This was followed by another clause which provides: "After the death of my daughter Frances, I direct that whatever remains of real estate or personal property be divided equally between the children of my son John, share and

share alike." It should be observed that the residuary devise of the interest to Frances was in trust for her use and benefit and that the trustee had active duties to perform. He was vested with very large and discretionary powers by the testator. If necessary he could sell and convey the entire estate and consume it all for the support and maintenance of this daughter whom the testator desired to thus protect. The trustee did not deem it necessary to consume all of the estate for the purpose intended and did not sell and convey all of it. The daughter Frances is dead and a part of the interest in real estate held in trust for her still remains to be disposed of. It, therefore, comes squarely within the clause of the will which provides that after the death of Frances what remains of the real estate of the testator shall be divided equally between the children of his son John. The trustee had the power to sell and convey all of the real estate held in trust, but he did not exercise the power, and as a result there remains the real estate in question, a situation clearly contemplated by the testator, and for which he made provision. In many respects the case at bar is ruled by Allen v. Hirlinger, 219 Pa. 56. The learned court below, after a careful and intelligent review of the authorities reached the conclusion that the daughter Frances did not take an absolute fee in the residuary estate and what remained of it after her death passed under the will of the testator. In this conclusion we think he was clearly right.

Judgment affirmed.