## Fassitt *v.* Seip, Appellant.

*Wills—Construction—Life estate with power of consumption—Act of April 8, 1833, P. L. 249—Ejectment—Colorable conveyances.*

1. Testator by will provided: "All the residue and remainder of my estate, real, personal and mixed...... not otherwise herein, or hereby disposed of, I give, devise and bequeath unto my said wife to have use, and enjoy the same, in like manner as I myself could do if living." In the next clause testator provided, "whatever of my said estate, that may remain unexpended after the decease of my said wife, I direct to be divided into two equal parts or shares." One share he gave to his son during his life time and after his death to his children, and the other share to his daughter. *Held,* under the Act of April 8, 1833, P. L. 249, that the gift to the wife was a life estate only with power of consumption, and that she could not by will dispose of any estate derived under her husband's will remaining at her death.

2. The fact that during her lifetime the wife had made conveyances to third parties, who immediately reconveyed to her, did not alter the situation.

Argued March 10, 1913. Appeals, Nos. 6, 7 and 8, Jan. T., 1913, by defendant, from judgments of C. P. Northampton Co., June T., 1912, Nos. 1, 2 and 3, in favor of plaintiff in case of T. Campbell Fassitt, Guardian of Clarissa M. Veile, a minor, v. Belle R. Seip, and Belle R. Seip, trustee under the alleged will of Theresa Veile, deceased, tried without a jury. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Ejectment for undivided half of certain premises. Before STEWART, J., without a jury, by agreement of counsel.

From the record it appeared that Xavier Veile died February 25, 1890, leaving a will, the material parts of which are quoted in the opinion of the Supreme Court. Among other properties which Xavier Veile owned at the time of his death were the three properties described in the writs in these three suits in ejectment. On April 11, 1893, Theresa Veile, his widow, claiming the right under his will to convey in fee simple, made a conveyance to Francisca Fritts, of the property described in the writ in suit No. 1, June Term, 1912, the consideration being $20,000. On the same day Mrs. Veile conveyed to Francisca Fritts the property described in No. 2, June Term, 1912, for the sum of $10,000. On the 22nd of August, 1892, Mrs. Veile entered into an agreement to sell the property described in the writ of ejectment in No. 3, June Term, 1912, to Belle R. Seip, her daughter, for the consideration of $7,500. In order to set at rest any question as to the right of Theresa Veile to make the conveyance Mrs. Seip refused to pay the amount of the purchase money and an amicable action was entered between the mother and the daughter to determine whether Mrs. Veile had the right to convey to Mrs. Seip. The case was submitted to the Court of Common Pleas of Northampton County, and on the 17th day of October, 1892, it decided that Mrs. Theresa Veile's title was good and that she could make a valid conveyance to her daughter, and the deed was accordingly made by Mrs. Veile to Mrs. Seip and Mrs. Seip paid to her mother the consideration money.

Both of the properties conveyed to Francisca Fritts were on the same day reconveyed to Mrs. Veile. On the first day of December, 1892, Mrs. Seip reconveyed to Mrs. Veile the property which had been conveyed to her.

Theresa Veile died in 1894, leaving a last will and testament in which she devised to her daughter a one-half interest in the properties of which she died seized and to her daughter Belle R. Seip, as trustee for Clarissa M. Veile, the plaintiff in these actions in ejectment, one-.

half interest in the properties herein referred to and all her estate. Mrs. Seip, individually, and as trustee, entered into possession of the properties now in dispute and for a period of years paid over the share of income belonging to the plaintiff in the ejectment suits, until the time when this dispute arose. Clarissa M. Veile, the plaintiff in ejectment, is still a minor.

These suits in ejectment were brought by the Guardian of Clarissa M. Veile, upon the theory that the will of Xavier Veile did not give fee simple to Mrs. Theresa Veile and that consequently her conveyance of these properties were invalid and that she had no title to devise the same by her last will and testament.

The cases were tried together before the court, without a jury, and the court found, as a conclusion of law, that under the will of Xavier Veile the widow, Theresa Veile, did not take in fee simple but that the premises described in the writs vested in the plaintiff, Clarissa M. Veile, the grandchild of Xavier Veile, and in Belle R. Seip, his daughter.

The court below found as a fact that the residue and remainder of Xavier Veile's estate includes all the real estate mentioned, bounded and described in the writs of ejectment in said suits, and none of them were consumed or expended by the widow in her lifetime, but all three pieces of said real estate remained intact at the time of her death, and in the same condition in which she had received them from the testator.

The court entered judgment in favor of the plaintiff. Defendant appealed.

*Error assigned* was the judgment of the court.

E. J. Fox, with him *James J. Cope* and *J. W. Fox,* for appellant, cited: Evans v. Smith, 166 Pa. 625; Gilchrist v. Empfield, 194 Pa. 397; Huber v. Hamilton, 211 Pa. 289; Allen v. Hirlinger, 219 Pa. 56; Kennedy v. Pittsburgh & Lake Erie R. R. Co., 216 Pa. 575; Witmer v.

Delone, 225 Pa. 450; Hoxie v. Chamberlain, 228 Pa. 31; Gross v. Strominger, 178 Pa. 64; Tyson's Est., 191 Pa. 218; Trout v. Rominger, 198 Pa. 91.

*Robert A. Stotz,* for appellee, cited: Campbell v. Carson, 12 S. & R. 54; Mitchell v. Railway Co., 165 Pa. 645; Kiefel v. Keppler, 173 Pa. 181; Fidelity Trust Co. v. Bobloski, 228 Pa. 52; Nevin's Est., 192 Pa. 258; Henninger v. Henninger, 202 Pa. 207; Kennedy v. Pittsburgh, Etc., R. R. Co., 216 Pa. 575; Allen v. Hirlinger, 219 Pa. 56; Tyson's Est., 191 Pa. 218; Dickinson's Est., 209 Pa. 59; Gross v. Strominger, 178 Pa. 64; Martin v. Heckman, 25 Pa. Superior Ct. 451; Urich v. Merkel, 81 Pa. 332; Weller v. Cohn, 27 Lanc. Law Rev. 29; Teats's Est., 56 Pitts. Leg. J. 129; Kurtz's Est., 24 Montg. County 186; Painter's Est., 14 Pa. D. R. 861; Long v. Hill, 29 Pa. Superior Ct. 606; Schmidt's Est., 182 Pa. 267; Pinkerton's Est., 193 Pa. 275; Freeman's Est., 220 Pa. 343; Boulevard From Second St., 230 Pa. 491; Briggs v. Caldwell, 236 Pa. 369.

OPINION BY MR. JUSTICE ELKIN, April 21, 1913:

The rights of the parties to this controversy depend upon the construction to be given the will of Xavier Veile. The fourth clause of this will provides as follows: "All the residue and remainder of My Estate, Real, personal and mixed of whatever Kind, and wheresoever Situate or being, Not Otherwise herein, or hereby disposed of, I give, devise, and bequeath Unto my said wife Theresa, to have Use, and enjoy the Same, in like manner as I myself Could do if living." In the fifth clause which immediately follows the testator provides: "Whatever of my Said estate, that may remain Unexpended after the decease of My Said wife, I direct to be divided into two equal parts or shares," the income or profits of one share to be paid to his son Edward annually during his natural life, and at his death the said one equal part or share to be divided equally between the

children of Edward share and share alike. The income or profits of the other share to be paid annually to his daughter Isabella during the term of her natural life, and at her death the corpus of the part or share thus set aside for her benefit to be divided among her children share and share alike. It was further provided that should either the son or daughter "die without leaving any children, or the issue of such, then in that case I give the said one equal part or share to the children of the other.".

It is obvious that the will was not drawn by an apt draftsman, but notwithstanding the inapt use of language, the too frequent use of capital letters and the improper use of punctuation marks, we think the intention of the testator clearly appears. The testator evidently intended his wife to have the use and enjoyment of the properties in dispute here "in like manner as I myself Could do if living." Prior to the Act of April 8, 1833, P. L. 249, a devise did not carry a fee unless it contained words of inheritance or other words showing an intention that a fee should pass. The Act of 1833 changed the rule of construction by providing that the whole estate of the testator devised should pass even if the devise did not contain words of inheritance or of perpetuity, unless it appear by a devise over, or by words of limitation, or otherwise, "that the testator intended to devise a less estate." In the present case there are no words of inheritance or of perpetuity, and if it were not for the Act of 1833 no one would seriously contend that the wife took an absolute estate. It remains to be determined whether by reason of the Act of 1833 she took a fee simple title. It is expressly provided in this act that where the intention of the testator to devise a less estate clearly appears, such intention must prevail as against the statutory rule that the whole estate passes although there be no words of inheritance or of perpetuity. A devise over and words of limitation are evidence of an intention not to devise the whole

estate, and the intention to devise a less estate may "otherwise" appear. It is so provided in the act itself. In the will under consideration there is a devise over and there are other provisions clearly indicating that the testator had in contemplation an "unexpended" balance of his estate at the death of his wife. He directed to whom this unexpended balance should go and how it should be enjoyed. He intended that his wife should have every use and enjoyment of his residuary estate that he himself had while living. If necessary for her comfort and maintenance she could have consumed and expended all of it, and for these purposes could have conveyed a fee simple title to a bona fide purchaser. But this she did not do. She died in possession of the properties and undertook to dispose of them by her will. We, therefore, agree with the conclusion reached by the learned court below that the properties in question are a part of the unexpended remainder of the estate of her husband and passed under his will to the devisees named therein. Not having consumed the residuary estate of her husband in her lifetime the wife could not dispose of it by will. These conclusions find ample support in the following cases: Henninger v. Henninger, 202 Pa. 207; Kennedy v. Pittsburgh, Etc., R. R. Co., 216 Pa. 575; Allen v. Hirlinger, 219 Pa. 56; Briggs v. Caldwell, 236 Pa. 369.

Under the facts of the present case the conveyances by the wife to third parties who immediately reconveyed to her does not alter the situation. What was said by Mr. Justice MITCHELL in Tyson's Est., 191 Pa. 218, 226, is applicable here: "The extent of the widow's consumption of the estate was within her own control. Her decision was without appeal, but it must have been honestly reached in accordance with the purpose the testator intended, and not merely colorably to defeat his will. She had power to carry out his intentions by sale, transfer and consumption of the proceeds in such a way as to leave nothing at her death. But a transfer with in-

tent not to consume for herself, but to preserve for others after her death, and to change the beneficiaries after her from those chosen by her husband to others of her own selection would be a fraud on the testator and his will. This is a question of fact to be determined by the court on the circumstances and the evidence in each case as it arises."

The learned court below found from the facts and circumstances of the case at bar that the conveyances were not made to bona fide purchasers for any of the purposes contemplated by the testator and that the wife held the properties at her death just as they passed to her under the will of her husband. The facts fully warranted the conclusion reached on this branch of the case, and it necessarily follows that the rights of the parties in the present controversy depend as hereinbefore stated on the construction of the will of the testator. In our opinion the learned court below properly construed this will and we find no error in any of the conclusions reached.

These three cases by agreement of the parties were tried together in the court below and only one appeal was taken. The same judgment may be entered in each of the three cases.

Judgment affirmed.