# Hazard's Estate.

*Jurisdiction, O. C.—Decree fixing rights of parties under will.*

The Orphans' Court has no jurisdiction to entertain a petition praying for a declaration of the rights of parties to real estate under a will. Consent of the parties cannot give jurisdiction.

Argued March 27, 1916. Appeal, No. 84, Jan. T., 1916, by John L. Cox, Erskine H. Cox, Edward V. Cox, Martha Cox Bryant, Fanny Cox Clark, Julia Cox Taber, Edith Cox Page, Alice Cox Wood, Harry W. Hazard and

Ethel Hazard from decree of O. C. Philadelphia Co., April T., 1884, No. 69, declaring rights of a certain party beneficiary under a will in Estate of Erskine Hazard, deceased. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Reversed.

Petition for declaration of rights of parties under a will. Before LAMORELLE, J.

Erskine Hazard died February 26, 1865, leaving a will by which, inter alia, he directed the division of his estate among his children at the death of his wife, providing that the share of his daughter Fanny should be placed in trust for her sole and separate use during her lifetime, with a general power of appointment by will; in the event of her death without exercising the power of appointment, her share was devised to her children in equal shares. Decedent's daughter Fanny married Samuel Dickson on June 6, 1867. Decedent's widow died August 17, 1874. An amicable division of decedent's property was then made, in consequence of which certain securities and premises, 901 Clinton street, Philadelphia, were allotted to Fanny H. Dickson, the title to the said premises and the said securities being transferred to the Philadelphia Trust, Safe Deposit and Insurance Company as her trustee.

Fanny H. Dickson died August 17, 1913, leaving a will, by which, inter alia, she devised the residue of her estate, including that derived from decedent, Erskine Hazard, over which she had a power of disposition, to her husband, Samuel Dickson, for the term of his natural life, and after his death, one-third of the principal to her son, Arthur G. Dickson, petitioner, absolutely, and the remaining two-thirds to Arthur G. Dickson for life, and on his death the principal to go to his child or children then living and the issue of deceased children, but if he left no issue at his death, then the said two-thirds should be divided among the then living nephews and nieces of said Fanny H. Dickson, share and share alike.

The estate was duly awarded to Samuel Dickson for his lifetime, and he used and enjoyed the same until his death, May 28, 1915.

The nephews and nieces of Mrs. Dickson, who were respondents in this proceeding, were living at the death of Fanny H. Dickson; some of them were living at the death of decedent Erskine Hazard, but others were born since the death of Erskine Hazard.

Arthur G. Dickson filed a petition that he be declared to have the legal title to the premises in question.

The Orphans' Court entered a decree directing the trustee to convey the premises to the petitioner absolutely. John L. Cox, Erskine H. Cox, Edward V. Cox, Martha Cox Bryant, Fanny Cox Clark, Julia Cox Taber, Edith Cox Page, Alice Cox Wood, Harry W. Hazard and Ethel Hazard appealed.

*Error assigned* was to the decree of the court.

*Thomas Ræburn White*, for appellants.

*Arthur G. Dickson*, for appellee.

PER CURIAM, April 17, 1916:

The court below was without jurisdiction to make the decree appealed from: Willard's App., 65 Pa. 265. On that case the court below undertook to do just what was done here, and, in reversing its decree, we said, through Mr. Justice SHARSWOOD: "It would, perhaps, be a very convenient practice immediately upon the death of a decedent to have all possible questions which might arise upon the construction of his will, and in the settlement and distribution of his estate, settled by a decree of the Orphans' Court in limine, and by way of anticipation, and by an appeal to the Supreme Court from such a decree, have a final and conclusive determination of the subject. It would certainly save counsel a great deal of responsibility in giving advice. But the acts of assem-

bly which confer jurisdiction on the Orphans' Court may be searched in vain for any such power. Without authority so derived we must say that the decree below or in this court on appeal would be inconclusive and possibly a snare. It would not be binding upon any of the parties: certainly not upon those of them not sui juris. Consent cannot give jurisdiction. Any opinion which we should express upon the proper construction of this will in this appeal would be merely extrajudicial." Tyson v. Rittenhouse, 186 Pa. 137, and Tyson's Est., 191 Pa. 218, the cases upon which the court below relied as authorities for its jurisdiction, are clearly distinguishable. There, as was pointed out by Mr. Justice MITCHELL, the estate of the husband and that of his wife were in process of settlement in the Orphans' Court, and personal representatives of each of the deceased were there for the supervision and control of their management of their respective trusts under the two wills. It was for that reason we held the Orphans' Court had jurisdiction.

Decree reversed at appellee's costs, without prejudice to his right to assert title to the premises No. 901 Clinton street, in the City of Philadelphia, in a proper proceeding instituted for that purpose.