# Ludwick's Estate.

*Decedents' estates—Real estate—Devise—Jurisdiction Orphans' Court.*

1. The Orphans' Court has no jurisdiction to determine the title to the real estate of a decedent as between several claimants.

2. Where a testator directs his administrator to appoint appraisers of his real estate and permits certain of his children to elect whether to take the real estate at the appraisement, the only jurisdiction of the Orphans' Court over such real estate is to supervise the exercise of the testamentary power given the administrator in the appointment of the appraisers. When the appointment is sufficient and free from fraud, it is conclusive and requires no confirmation of the court, nor does it belong to the court to award to any the subject of the appraisement.

3. A testator by will directed that his administrator should "appoint three disinterested men who shall under oath value and appraise my real estate that is the farm on which I now reside and it is my will that my son......shall take my real estate at said appraisement, but if (the son) should refuse to take my real estate at said appraisement then my daughters......are to have the privilege of taking my real estate at said appraisement according to their seniority of age and if none of my heirs should agree to take my real estate then I order that my administrator shall put it to

sale." An appraisement was made and filed and the son died thereafter intestate, leaving issue. Testator's two eldest daughters claimed the right to take the real estate at its appraised value. The Orphans' Court awarded the real estate to the two daughters upon their paying the appraised value. *Held,* that the Orphans' Court had no jurisdiction over the subject-matter of the controversy and the petition was dismissed.

Argued Sept. 28, 1916.   Appeal, No. 99, Oct. T., 1916, by Mary C. McCutcheon and Martha Ludwick, from decree of O. C. Westmoreland Co., Feb. T., 1915, No. 78, permitting petitioners to take a decedent's real estate, at an appraisement, in Estate of Jacob Ludwick, deceased.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.   Reversed.

Petition for rule on certain heirs and legatees of a decedent to show cause why petitioners should not take real estate at an appraisement.   Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.

The court awarded the relief prayed for.   Barclay-Westmoreland Trust Company, Guardian of Cora Gertrude Kiebler, formerly Cora Gertrude Ludwick, a minor, and Cora Gertrude Kiebler, appealed.

*Error assigned,* among others, was the decree of the court.

*G. B. Shaw,* with him *W. C. Peoples* and *John C. Silsley,* for appellant.

*H. H. Dinsmore,* with him *Paul H. Gaither* and *Charles E. Whitten,* for appellees.

OPINION BY MR. JUSTICE STEWART, January 8, 1917:

Jacob Ludwick, the testator, died March 13, 1914.   By his last will, dated October 16, 1900, he directed, inter alia, as follows: "3rd. I will and devise that my Ad-

ministrator shall appoint three disinterested men, who shall, under oath, value and appraise my real estate, that is, the farm on which I now reside, and it is my will that my son William Ludwick shall take my real estate at said appraisement. But if William should refuse to take my real estate at said appraisement, then my daughters, Mary C. McCutcheon, Martha Ludwick, Matilda Anderson, and Susanna Duer, are to have the privilege of taking my real estate at said appraisement, according to their seniority of age; and if none of my heirs should agree to take my real estate, then I order that my administrator shall put it to sale."

No executor having been appointed by the will, letters of administration on the estate, with the will annexed, were granted to V. L. Anderson. Pursuant to the directions contained in the will, the administrator appointed three appraisers to fix and determine the valuation of testator's real estate. The appraisement so made by them was in writing, and was, by the administrator, April 25, 1914, filed in the register's office. The son, William, died five days thereafter, intestate, leaving to survive him a minor daughter as his sole heir at law, who by her trustee is here the appellant. The controversy is between her and the testator's two eldest daughters, who, acting together, claim the right to take the testator's real estate at its appraised value. The proceeding was begun by the latter, who petitioned the Orphans' Court to award the real estate to them, distinctly upon the ground that William had declined to accept it at the valuation. A rule issued, directed to the administrator and the guardian of the daughter of William, the deceased son, to show cause why the prayer of the petitioners should not be allowed. The administrator made no answer, but the guardian replied, denying that William had refused to accept the real estate, and traversing other averments contained in the petition. Thereupon the court proceeded to hear testimony touching the several averments, and upon consideration awarded the real

estate to the two daughters upon their paying the appraised value. The appeal is from this decree. The subject of the controversy being real estate, the only jurisdiction that the court had over it was such as it acquired through and under the will of the testator. What was given the administrator, and all that was given him under the will, was a testamentary power of which he became a trustee. It is impossible to derive any other jurisdiction from that source, except the implied power to supervise the exercise of this testamentary power given the administrator to appoint appraisers. Concededly it was not in contemplation to subject the real estate as an asset for the payment of debts, nor was it brought within the jurisdiction of the court by any power of sale given the administrator, except upon a contingency which had not happened and might never occur. To the administrator was given the power to appoint appraisers and his power in connection with the real estate ended there, except as all the children of the testator declined to accept the real estate at its valuation. Since the appointment was ratione officii, it follows that a supervision of the way and manner in which the appraisement was made rested with the court; but beyond this the power of the court did not extend. The testator chose his own tribunal for the appointment of the appraisers; he designated who was to compose it—the administrator of his estate—and with the selection once properly made, all power and control of the court ended. The distinction between this and cases where a testator devises real estate at an appraisement to be made, but does not indicate by whom the appointment is to be made, is too clear to be overlooked. The latter cases are governed by the Act of April 17, 1869, P. L. 72, which in all such cases gives the right to any party interested to apply by petition to the Orphans' Court of the county in which such real estate is situated, setting forth the terms and character of the devise or direction of the testator, and the name and residence, when known, of all the parties interested in

the real estate directed to be appraised. This act pro-
vides that in all such cases the court may appoint the
appraisers and award an inquest, directed to the sheriff,
for the purpose of having the appraisement made, and it
prescribes the procedure that is to be observed through-
out the proceeding. The distinction that marks the pres-
ent case is that here the will indicates by whom the ap-
praisement is to be made; and this circumstance makes
the act referred to inapplicable. It results that in cases
like this, that while we have no statutory procedure to
observe, nevertheless, the court, having as we have seen,
the right to supervise the action of the administrator,
and being a court of equity within the limits of its juris-
diction, may grasp the controversy where one arises over
the appointment, and for sufficient cause, as where fraud
has been shown, set the same aside. When, however, the
appointment is sufficient, and free from fraud, it is con-
clusive; it requires no confirmation by the court, neither
does it belong to the court to award to any the subject of
the appraisement. The will directs the order in which
the parties shall have the right to take, and so much is
beyond the power of the court to change. Here another
question intrudes. The court finds as a fact that what
William took under the will was simply an option to take
the real estate at the appraisement, and that he had re-
fused to accept under his option. Upon this ground
the court awarded the real estate to the daughters to
whom the option was given in case of William's refusal.
This award accomplishes nothing. It assumes to be a
determination of title to real estate between several
claimants over which the Orphans' Court can have no
jurisdiction. If, as the learned court holds, the will
gave to William nothing more than an option to take the
land at a valuation, and he refused to accept it, that
would be the end of the controversy; but one is a ques-
tion of law, the other a question of fact, the latter calling
imperatively for trial by jury for its determination. In
a proper proceeding, the Orphans' Court might, if con-

fronted with these questions, have certified them in an issue directed to another forum; but as the case stood in the court below, there was nothing on which to base a proceeding, and nothing was left for the court to do but to dismiss the petition. The case is closely analogous to Boger's App., 10 Pa. 440. The decree is reversed at the cost of appellees, and the petition is dismissed.