# Fry's Estate.

*Decedents' estates—Title to real estate—Sale by executor—Sale by heirs—Jurisdiction of orphans' court and common pleas.*

1.   The orphans' court has no jurisdiction of a contest over title to real estate of a decedent, between a grantee in possession under a recorded deed from the executor of the estate and vendees out of possession under articles of agreement signed by the heirs of decedent.

2.   In such case the court of common pleas, and not the orphans' court, has jurisdiction, and the parties should pursue their remedies in the manner pointed out for the settlement of disputed questions of title.

Argued February 16, 1921.   Appeal, No. 357, Jan. T., 1921, by Max Lewis and Benjamin Superstine, from decree of O. C. Schuylkill Co., dismissing petition for conveyance of real estate, in estate of E. J. Fry, deceased.

Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAF-
FER, JJ.   Affirmed.

Petition for conveyance of real estate.   Before WIL-
HELM, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the petition.   Max Lewis and
Benjamin Superstine appealed.

*Error assigned,* among others, was above decree, quot-
ing it.

*Hampton L. Carson,* with him *Arthur L. Shay,* for ap-
pellant.

*Jno. F. Whalen* and *R. J. Graeff,* with them *George
Ellis,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, March 7, 1921:

The argument of this case took a wider range than the
record warrants, and its decision, necessarily based upon
it, must leave the solution of most of the questions,
pressed upon our attention, to future proceedings in
which they can properly be raised.

What was really before the court below, as the record
discloses, was the petition of Max Lewis and Benjamin
Superstine, vendees under articles of agreement signed
by the heirs of E. J. Fry, of a lot of land in the borough
of Tamaqua, of which he died seized, praying for an
order restraining Charles Graef, executor of decedent,
from executing a deed for the property to George Selig-
man; that the agreement of sale between the executor
and Seligman be declared void; that the executor be
ordered to execute a deed to petitioners; and that Selig-
man be made a party to the proceeding.   An answer was
filed by the executor, in which it was averred that the
orphans' court was without jurisdiction; that he had al-
ready executed and delivered a deed to Seligman which

had been placed of record, the consideration therefor having been paid at the time of delivery; that, under the will of decedent, he is the only person having power and authority to sell the real estate; and praying for a dismissal of the petition. Seligman also filed an answer setting up substantially the matters averred by the executor, and after hearing, in which testimony was taken on both sides, the court in an opinion, in which it held the executor vested with power of sale, dismissed the petition.

Behind the controversy between the appellants, seeking title from the heirs, and the appellee, claiming title under the deed from the executor, stands the will of E. J. Fry; both sides claim through it, the one that the trusts created by it have terminated, that title is vested in the heirs of the decedent, and that the executor has no power of sale; the other that the trusts are active, that the heirs as such have no interest in the land and the executor has full power of sale. In this proceeding by strangers to the will, we cannot determine any of the questions which arise out of it; what we have here is a claim of title to a piece of land by a vendee under articles of agreement, out of possession, against a vendee in possession under a duly delivered deed; the court of common pleas and not the orphans' court has jurisdiction of such a controversy and the parties should pursue their remedies in the manner pointed out for the settlement of disputed questions of title: North Penna. Coal Co. v. Snowden, 42 Pa. 488; Saunders v. The Racquet Club, 170 Pa. 265, 271. The appellants have an adequate remedy to assert a better title, if they have it, than that held by Seligman, but for want of jurisdiction neither the orphans' court, in the first instance, nor the Supreme Court, on appeal from it, can dispose of the question here sought to be raised.

The decree of the orphans' court is affirmed at appellants' cost.