## Commonwealth v. Rudy.

*Bottles—Registration—Improper use—Conviction—Appeal — Jurisdiction —Act of June 15, 1911.*

1. An appeal from a penalty imposed under the Act of June 15, 1911, P. L. 975, which provides for the registration of bottles and other containers, and forbids their use by others than the owner, must be to the Common Pleas.

2. The lack of jurisdiction on the part of the court may be taken advantage of at any stage of a case. The question of jurisdiction is always open.

3. When an appeal which should have been taken to the Court of Common Pleas has been taken to the Court of Quarter Sessions, there is no authority in the Court of Quarter Sessions to transfer the case to the Court of Common Pleas.

Appeal from the imposition of a penalty under the Act of June 15, 1911. Q. S. Dauphin Co., March Sess., 1922, No. 123.

*John T. Olmsted,* for plaintiff; *Oscar G. Wickersham,* for defendant.

HARGEST, P. J., Feb. 5, 1923.—This case was brought to a hearing before the court, and when the hearing was about concluded, showing a rather strong defence on the merits, the court, having examined the act of assembly, inquired how the case came into the Quarter Sessions instead of the Common Pleas. Thereupon the attorney for the Commonwealth moved to dismiss the appeal on the ground that the court had no jurisdiction.

This was a proceeding under the Act of June 15, 1911, P. L. 975, which is an act providing for the registration of bottles and other containers, and forbidding the use of such registered bottles by persons other than the owners thereof without the written consent of the owner. It provides for the information before a magistrate or justice of the peace and the issuance of a search warrant, and if such bottles or other containers are unlawfully found, it prescribes a penalty of 50 cents for each bottle or other container so used, together with the costs of suit, "to be recovered as debts are by law recovered in an action to be instituted in the name of the Commonwealth, before a magistrate or justice of the peace in the county wherein the offence shall have been committed." The act also provides that "no appeal shall be allowed from any judgment rendered in such case except upon special allowance of the Court of Common Pleas, subject to all the rules and regulations applicable to appeals in actions for summary convictions."

Upon an information made, a search warrant was issued against this defendant, and, upon the return thereof, a hearing was held and the penalty imposed against the defendant, together with the costs of suit. Within five days after the imposition of the penalty, the defendant presented his petition to the Court of Quarter Sessions, asking that court "to allow an appeal from said conviction." The court allowed the appeal upon the entry of bail in the sum of $100.

It is apparent that the defendant is in the wrong court. This act of assembly provides for a rather anomalous proceeding. The recovery is to be had "as debts are by law recovered," which is in the nature of a suit for a penalty, but it is required to be begun in the name of the Commonwealth, notwithstanding one-half of the penalties are to be paid to the informer, and the appeal must be allowed by the Court of Common Pleas. But it is "subject to all the rules and regulations applicable to appeals in actions for summary convictions" which go to the Quarter Sessions. There is nothing, however, to prohibit the legislature from defining a new method for the recovery of such penalties, and there is no escape from the conclusion that appeals from judgments rendered in the cases brought under this act must be to the Common Pleas.

Commonwealth *v.* Rudy.

How, then, can the Court of Quarter Sessions acquire jurisdiction? Consent will not give it: 15 Corpus Juris, 802; 12 Am. Ency. of Plead. & Prac., 188; Collins *v.* Collins, 37 Pa. 387; Hazard's Estate, 253 Pa. 447; Morrison *v.* Weaver, 4 S. & R. 190; Stoy's Admin'x *v.* Yost, 12 S. & R. 385. So, notwithstanding the parties went to trial and did not raise the question of jurisdiction until the trial was concluded, it was not too late to raise the question then. It has been held that "lack of jurisdiction on the part of the court may be taken advantage of at any stage of the case:" Musselman's Appeal, 101 Pa. 165; Fowler *v.* Eddy, 110 Pa. 117; Smith *v.* Carroll, 112 Pa. 390, 394. The question of jurisdiction is always open: Simpson's Estate, 253 Pa. 217, 225.

We have no authority, as suggested by counsel for the defendant, to transfer this case from the Quarter Sessions to the Common Pleas Court.

It, therefore, follows that this court cannot make any order except to quash the appeal.

### Order.

Now, Feb. 5, 1923, the Court of Quarter Sessions having no jurisdiction to entertain the appeal in this case, the said appeal is hereby quashed.

From George R. Barnett, Harrisburg, Pa.