Degenkolv et al. *v.* Daube, Appellant, et al.

Argued October 3, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*Kenneth D. Matthews,* for appellant.

*Bryan A. Hermes,* for appellees.

OPINION BY CUNNINGHAM, J., February 28, 1941:

The subject matter of the litigation out of which this appeal arises is the house and lot at No. 2544 N. Jessup Street, Philadelphia, and the underlying issue in the court below was whether Charles Daube, appellant herein, a son of Henry and Wilhelmina Daube, has a valid title to these premises to the exclusion of his brother, Henry Daube, and the children of his deceased sister, Anna (Daube) Smiles, the appellees. A decision upon practically the same question was sought, but not obtained, when the case of *Smiles et al. v. Daube,* (130 Pa. Superior Ct. 565, 198 A. 457) was before this court in 1938.

Henry Daube, Sr., was the former owner in fee of the property and it became a part of the residuary estate disposed of by him in his will, which became effective upon his death on December 18, 1926. The paragraphs thereof now material read:

"Second: All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever situate, I give, devise and bequeath to my beloved wife, Wilhelmina Daube, *to use and dispose of both the income and principal as she may desire during her life, and after her death, I give, devise and bequeath whatever portion of my estate remaining, to my children, share and share alike.*

"Lastly, I do nominate, constitute and appoint my beloved wife, Wilhelmina Daube, Executrix of this my last will and testament, with full power of sale of any or all of my real estate or personal property I may die seized of, the purchaser or purchasers thereof not to be liable for the application or non-application of the purchase money." (Italics supplied.)

The children living at the time of testator's death were two sons, Henry and Charles, and a daughter, Anna Smiles, who died during the course of the pro-

ceedings in the former case. The litigation had its genesis in the fact that Wilhelmina Daube, under circumstances detailed at length in our former opinion, undertook to dispose of the premises by making a deed on February 1, 1933, purporting to convey this property in fee to Charles Daube, without a valuable consideration, and on the same date executed her will in which she referred to the conveyance and directed that the grantee should hold the premises "in trust," for certain persons. That paragraph of her will reads: "Fourth: Under the terms of my late husband's will, I have exercised the power and authority vested and conferred upon me therein, and have conveyed the property situate and known as 2544 N. Jessup Street, unto my son, Charles Daube, his heirs and assigns, who shall hold the said premises in trust for the sole benefit, use and behoof of my daughter, Anna Smiles, for and during the term of her natural life, and at the time of her death convey the said premises over to her children then living, share and share alike. My sole object and desire being that the husband of my said daughter, Anna Smiles, shall not, in any manner participate in the share or management of any part of my estate."

In the former case, Anna Smiles and her four children sought, by a bill in equity filed in Common Pleas No. 5, to compel Charles Daube to execute a declaration of trust certifying that he held the property in accordance with the provisions of his mother's will. As above stated, Anna Smiles' death occurred during those proceedings and the case terminated in the court below with a decree directing Charles Daube to convey the premises to her children and to account to them for the rents received by him. The conclusion of the court below in that case was that "the contemporaneous execution of the will and deed make it plain that it was then the intention of Wilhelmina Daube that title

should be held by defendant in accordance with the terms of the will." That case was tried upon the assumption by the chancellor and of counsel on both sides that Wilhelmina Daube had a fee in the premises. When the appeal by Charles Daube from the decree entered against him came before this court it was argued upon the same assumption.

In the course of our study of the record a serious question arose in our minds as to whether Wilhelmina Daube had, under the provisions of her husband's will, any power to make any disposition of the property except for her own use. We pointed out that apparently she was given a life estate in the property with power to consume, but with remainders over of the unconsumed portion to the three children, share and share alike, and that the disposition of the property, in the event it should not be consumed by her during her lifetime, was controlled by her husband's will. It was also noted that while her husband's will gave her the complete use and enjoyment of the property and she was expressly granted full power to sell it and use the proceeds for her own benefit, she was given no power to dispose of it by her will. Under the circumstances, we declined to pass upon the merits of the appeal; we accordingly vacated the decree and remitted the record to the court below for further proceedings. Upon the return of the record to the court below, that court, being of opinion the pleadings were not in proper form for the trial of the real question involved, dismissed the bill.

Thereupon, the present bill was filed and came on for hearing in Common Pleas No. 3. The prayer of the new bill was that the deed from Wilhelmina Daube to Charles Daube be declared null and void; that David W. Harris, Recorder of Deeds, be directed to cancel and annul it upon the records of his office; and that Charles Daube be directed to convey the premises to the heirs of Henry Daube, Sr., as tenants in common. The re-

sult of the trial was a decree, on June 20, 1940, declaring the deed in question null and void, and directing Charles Daube to convey the premises by warranty deed in fee simple to Henry Daube, to the extent of a one-third interest therein, to himself to the same extent, and to each of the four children of Anna Smiles to the extent of a one-twelfth interest. He was also directed to file an account of the rents and income received by him since November 21, 1934. The present appeal is by Charles Daube from that decree.

The question whether Wilhelmina Daube's estate in the property here involved was such that she could lawfully convey that property as a gift to one son, Charles, is now squarely before us.

No material facts are in dispute upon this record. We agree with the court below that she could not, as a matter of law, give this property to any one of the three children and thereby deprive the other two of their interests, under their father's will, in a portion of his residuary estate which she had not consumed for her own benefit during her lifetime.

It is clear under the principles reviewed and analyzed by our Supreme Court in *Byrne's Estate,* 320 Pa. 513, 181 A. 500, and *Brennan's Estate,* 324 Pa. 410, 188 A. 160, that Wilhelmina Daube, under her husband's will, had but a life estate, with power to consume, in any realty forming part of his residuary estate, and that the remaindermen were to take any portion thereof which she might not convert for her personal use and benefit; she had no power to dispose of the subject matter of the present litigation by her will.

In *Byrne's Estate,* supra, the will of Margaret Mandeville provided: "Sixth: All the rest, residue and remainder of my estate, whether real, personal or mixed, wheresoever situate, I give, devise and bequeath unto my beloved sister, R. Philomena Byrne, absolutely. Seventh: Upon the death of my said sister, R. Philo-

mena Byrne, should any part of my estate remain, I give, devise and bequeath the same to my beloved niece, Mrs. J. M. Shadle."

It was held that Philomena Byrne took but a life estate, with a power to consume any or all of the principal, but had no power to devise the unconsumed portion by her will. Mr. Justice DREW there exhaustively reviewed and classified many previous decisions on the subject. After pointing out that the intention of the testator, as gathered from the language used, the attendant circumstances and the will as a whole, is the controlling factor in each case, he concluded (page 523) : "If the intention of the testator is to be given effect, as it must be, courts must be permitted, considering each case separately, to hold ineffective words of restriction and to enforce an absolute estate, where such an estate was intended, or, conversely, to disregard words of absolute gift and to declare the estate created to be a limited estate where a clear intention to that effect appears."

Similarly, in *Brennan's Estate,* supra, Alice Brennan, the testator's widow, was held, under the terms of her husband's will, to have taken only a life interest, with the right to consume the principal, but with no right to devise the unconsumed portion, the latter being controlled by the remainders set up in her husband's will.

The present case resembles the Brennan case in that the gift to Wilhelmina Daube contained no words of absolute ownership and she was given an express power of sale. That power of sale, however, gave her nothing she did not already have, as a power of sale is necessarily implied in the right to consume the principal: *Kennedy v. Pittsburgh & Lake Erie R. R. Co.,* 216 Pa. 575, 65 A. 1102; *Allen v. Hirlinger,* 219 Pa. 56, 60, 67 A. 907; *Hege v. Ickes,* 267 Pa. 57, 110 A. 238; *Edwards et al., v. Newland,* 271 Pa. 1, 113 A. 742.

The lack of power in Wilhelmina Daube to devise

any part of the unconsumed residuary estate of her husband being clear, the question remains whether she could make a gift, inter vivos, of a part of it. The answer is in the negative because under general principles a life tenant, with power to consume, may not give the property away, and also because the plain effect of the gift in the present case would be to defeat the clear intent of the testator that all three of the children should share equally in the unconsumed portion of his estate. The sustaining of this gift would effect a change in the father's will.

Although careful search has disclosed no Pennsylvania cases dealing directly with the right of a life tenant who has the power to consume, to make an outright gift of part of the estate, the language of some of our decisions indicates clearly the deed by Wilhelmina to her son Charles was void. In *Fassitt v. Seip,* 240 Pa. 406, 87 A. 957, the testator was held to have given his wife a life estate, with power to consume, and a remainder to his son and grandchildren. The wife had deeded certain real estate during her lifetime to third parties who immediately reconveyed to her. In an action of ejectment the Supreme Court, affirming the court below, held that the wife had no power to dispose of these properties by her will, stating (page 411): "Not having consumed the residuary estate of her husband in her lifetime, the wife could not dispose of it by will. These conclusions find ample support in the following cases: *Henninger v. Henninger,* 202 Pa. 207; *Kennedy v. Pittsburgh, etc., R. R. Co.,* 216 Pa. 575; *Allen v. Hirlinger,* 219 Pa. 56; *Briggs v. Caldwell,* 236 Pa. 369. Under the facts of the present case the conveyances by the wife to third parties who immediately reconveyed to her does not alter the situation. What was said by Mr. Justice MITCHELL in *Tyson's Estate,* 191 Pa. 218, 226, is applicable here: 'The extent of the widow's consumption of the estate was within her own

control. Her decision was without appeal, but it must have been honestly reached in accordance with the purpose the testator intended, and not merely colorably to defeat his will. She had power to carry out his intentions by sale, transfer and consumption of the proceeds in such a way as to leave nothing at her death. *But a transfer with intent not to consume for herself, but to preserve for others after her death, and to change the beneficiaries after her from those chosen by her husband to others of her own selection would be a fraud on the testator and his will.* This is a question of fact to be determined by the court on the circumstances and *the evidence in each case as it arises.*'" (Italics supplied.) The italicized language quoted, supra, from *Tyson's Estate,* 191 Pa. 218, 226, 43 A. 131, was again quoted with approval in *Rumsey's Estate,* 287 Pa. 448, 135 A. 119, at page 452. The language there used, together with the holding of our appellate courts in *Dickinson's Estate,* 209 Pa. 59, 58 A. 120, *Endsley v. Hagey et al.,* 301 Pa. 158, 151 A. 799, and *Zumbro v. Zumbro,* 69 Pa. Superior Ct. 600, 603, also supports the conclusion that the deed in the present case was ineffective to defeat the remainders devised in her husband's will. Authorities from other jurisdictions agree generally that a life tenant having the power to consume the principal, may not dispose of the property by gift inter vivos, especially where, as here, the effect of the gift is to change the beneficiaries designated by the testator and substitute others chosen by the life tenant: 2 A. L. R. 1243, 1276, 1316; 27 A. L. R. 1381, 1383, 1388; 69 A. L. R. 825, 830, 837; 114 A. L. R. 946, 950, 957.

Secondly, appellant contends the court of common pleas sitting in equity, had no jurisdiction to entertain the present bill because the relief sought concerned the settlement of a decedent's estate and was a matter exclusively within the jurisdiction of the orphans' court. No objection to the jurisdiction of the common pleas

was made in appellant's answer; it was first suggested by his counsel in the course of an oral statement at the first hearing, and renewed in the form of a request for a conclusion of law, which the chancellor refused. We think the jurisdiction of the court of common pleas, sitting in equity, to entertain the present bill and render a decree thereon is not open to serious doubt.

Admittedly the orphans' court has *exclusive* jurisdiction in the settlement and distribution of decedents' estates: Act of June 7, 1917, P. L. 363, Sec. 9 (e), 20 PS §2245; *Slagle's Estate,* 335 Pa. 552, 7 A. 2d 353, and cases cited at page 557.

Neither the estate of Henry Daube, Sr., nor of his widow, who died November 21, 1934, is a party to this litigation. The issue is whether appellant has title to the whole of the real estate involved, or only to an undivided one-third thereof. The fact that the decision turns upon the proper construction of the will of the father of the parties does not oust the jurisdiction of the common pleas. The present action is in substance no different from any action in ejectment, or case stated, to determine title to real estate, where the construction of a will is involved. In such cases the jurisdiction of the common pleas is clear and has been many times successfully invoked, more especially where the very question raised was the right of a life tenant with a power to consume, to sell and convey the property, or devise it by will: Compare *Trout v. Rominger,* 198 Pa. 91, 47 A. 960; *Kennedy v. Pittsburgh & Lake Erie R. R. Co.,* 216 Pa. 575, 65 A. 1102; *Allen v. Hirlinger,* supra, [219 Pa. 56, 67 A. 907]; *Fassit v. Seip,* supra, [240 Pa. 406]; *Stanton et al., v. Guest et al.,* 285 Pa. 460, 132 A. 529; *Chesnut et al. v. Chesnut et al.,* 300 Pa. 146, 151 A. 339.

In many cases involving disputes as to the title of real estate, where the title was acquired under a will or by descent, the jurisdiction of the orphans' court has been denied (*Hazard's Estate,* 253 Pa. 447, 98 A.

678; *Ludwick's Estate*, 255 Pa. 548, 100 A. 448), and that of the common pleas upheld: *Spencer's Estate*, 227 Pa. 469, 76 A. 172; *Fry's Estate*, 270 Pa. 24, 112 A. 757. Appellant's objection to the jurisdiction of the common pleas is without merit.

Finally, appellant contends that Wilhelmina Daube acquired a fee simple title to the property in question by reason of the fact that, her husband's personal estate being insufficient, she paid his funeral expenses, the costs of administration, and was entitled to an interest in the real estate to the extent thereof plus her widow's exemption of $500. If her husband's personal estate was insufficient to pay the debts, funeral and administration expenses, she should have petitioned the orphans' court and taken proper proceedings to have such expenses paid out of the real estate. The record does not show Wilhelmina Daube ever made any claim to have her widow's exemption out of the real estate of Henry Daube, and that would seem to be the end of it. The widow's right to the statutory exemption, Act of June 7, 1917, P. L. 447, Sec. 12 (a), 20 PS §471, is personal, if the claim is not made, or made after an undue length of time, the right is lost as effectively as if she never' had it: *Kerns' Appeal*, 120 Pa. 523, 14 A. 435 and *Bell's Estate*, 139 Pa. Superior Ct. 11, 10 A. 2d 835. The assignments of error are severally dismissed.

Decree affirmed at the costs of appellant.