## Lagges Estate.

Argued January 3, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. Paul MacElree,* with him *Samuel Lichtenfeld,* for appellant.

*Joseph Neff Ewing,* with him *C. Raymond Young, Anthony G. Kapourelos* and *Gregory C. Lagakos,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 21, 1949:

The question presented is whether appellee holds title to real estate individually or as trustee.

Savior Lagges, the testator, died September 20, 1941. By his will he directed his executors to pay all his debts and funeral expenses, made a number of pecuniary bequests and a specific one. By the fourteenth item of the will he disposed of his residuary estate as follows: "All the rest, residue and remainder of my estate, real, personal and mixed of whatsoever nature and kind and wheresoever situate I give, devise and bequeath . . . [65% in equal shares to a named sister and her two named sons and the remainder or 35% in equal shares to another named sister and a named nephew]. . . ." There were cross remainders unnecessary to recite. All beneficiaries except appellee are residents of Greece. A bank and two individuals were named executors. The executors were authorized to sell real estate. This provision reads as follows: ". . . I authorize and empower (the executors) and the survivors or survivor of them as such to sell at any time any real estate which may at the time form part of my estate for such prices, upon such terms in such way and manner and for such interests and estates as may be deemed wise and to make good deeds therefor, to the purchasers thereof, without any

obligation on the latter to see to or be responsible for the application of the purchase money."

The personal property was appraised at $24,481.02. Debts of the decedent aggregated $48,464.18. In addition the inheritance tax was assessed at $2,923.70 and administration expenses amounted to $2,475.66. The real estate was valued at $55,000.

In June of 1944 the executors sold and conveyed the real estate in question to appellee, who was a residuary beneficiary. The sale and conveyance was made by the fiduciaries under the power of sale. The consideration was $60,000, found by the court to have been full, fair ✓ and adequate. Having converted the real estate, the executors filed an account of their administration in the orphans' court which remains unaudited. No definitive decree of distribution has been made.

Three of the residuary beneficiaries (entitled to 65% of the residue) cited the executors and the purchaser of the real estate (a residuary beneficiary of one half of 35%) to show cause why: (a) the purchasers should not be deemed to hold title to such real estate as trustees for all the residuary legatees and devisees as tenants in common. (b) the conveyance to him should not be rescinded and a reconveyance ordered. (c) an accounting of rents since conveyance should not be rendered.

The orphans' court dismissed the citation. It ruled that testator, by his will, did not devise *real estate,* but conferred a discretionary power upon the executors to sell it, which power was properly and timely exercised. This appeal followed.

The learned court was correct in its ruling. The residuary provision was *not* a devise of *real estate.* The will clearly worked an *equitable conversion* of the real estate into personalty. True, there was no *direction* to sell. But there was a *discretionary power to sell* and there existed a *necessity* to sell in order to pay debts, taxes and administration expenses. Furthermore, the

will indicated a clear intent to create a fund to be distributed *as money*. This is demonstrated not only by the equitable conversion of the real estate, but by the blending of the real and personal estate coupled with a declaration that the residuary beneficiaries (with one exception) were residents of Greece, thus enabling the fiduciaries to make a distribution as directed in the will. This Court has repeatedly decided that a conversion of real estate into personalty is worked (1) by a positive direction to sell (2) by an absolute necessity to sell in order to execute the will or (3) by such blending of realty and personalty to show clearly that testator intended to create a fund out of both real and personal estate and to bequeath that fund as money: *Hunt's Appeals*, 105 Pa. 128, 141; *Cooper's Estate*, 206 Pa. 628, 56 A. 67; *Chamberlain's Estate*, 257 Pa. 113, 101 A. 314; *Brennan's Estate*, 277 Pa. 509, 121 A. 321; *Chesnut et al. v. Chesnut et al.*, 300 Pa. 146, 151 A. 339.

As we have construed this will as a blending and conversion of real estate into personalty and the distribution of the proceeds *as money*, we need not consider cases relied upon by appellant such as *Raker et al. v. G. C. Murphy Company*, 358 Pa. 339, 58 A. 2d 18, and *Faust et al. v. Heckler*, 359 Pa. 19, 58 A. 2d 147. In such class of cases *one* tenant in common may not purchase an adverse encumbrance or title affecting the whole to the exclusion of the *other* co-tenants; such a purchase inures to the benefit of all. The orphans' court, however, has no jurisdiction over such a question: *Hazard's Estate*, 253 Pa. 447, 98 A. 678; *Ludwick's Estate*, 255 Pa. 548, 100 A. 448. Jurisdiction in such cases is exclusively in the court of common pleas: *Spencer's Estate*, 227 Pa. 469, 76 A. 172; *Fry's Estate*, 270 Pa. 24, 112 A. 757: see *Degenkolv et al. v. Daube et al.*, 143 Pa. Superior Ct. 579, 588, 18 A. 2d 464; *Sadowski Estate*, 158 Pa. Superior Ct. 119, 43 A. 2d 907. The validity of the pres-

ent power of sale is unquestioned; the necessity for its exercise is unchallenged; no inadequacy of price is proven and there is no averment of fraud. Cf. *Dundas's Appeal,* 64 Pa. 325; *Wilson, Mayor, v. Board of Directors of City Trusts et al.,* 324 Pa. 545, 549, 188 A. 588. In the administration of a decedent's estate, in the absence of actual or constructive fraud, a fiduciary may sell real or personal estate to one interested in distribution without constituting the purchaser a trustee for all beneficiaries.

The decree is affirmed at the cost of appellant.