## Keown's Estate—Miller's Appeal.

*Wills—Construction—Real property—Life interest—Gift for use of daughter and her "children."*

1. Where testator by will provided, inter alia, "I will and bequeath all my property be the same real personal or mixed unto my wife Elizabeth Keown she to have and hold the same with power to sell transfer and make title to the same or any part thereof as fully and legally as I myself could have done," with a gift over upon the death of his wife of "the property remaining of my estate," the wife's interest is only a life estate, with power of disposition within her lifetime.

2. Where testator by will gave the remainder of his real estate to his children, share and share alike, further providing, "the shares bequeathed to my daughters is for their own separate use and that of their children should they have any, and in no wise to be subject to transfer by other parties," a daughter not in contemplation of marriage at the date of the will, but who afterwards married and died leaving children, takes a life interest only in the real property of the decedent.

*Decedents' estates—Partition—Surviving husband of life tenant.*

3. The surviving husband and devisee of decedent's daughter, who had but a life estate in his property, has no standing to seek partition.

Argued October 21, 1912. Appeal, No. 48, Oct. T., 1912, by Joseph Miller, from decree of O. C., Allegheny Co., Oct. T., 1910, No. 4, dismissing petition for partition In the Matter of the Partition of the Estate of John Keown, deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for partition of the estate of a decedent.

Petitioner was the husband and devisee of a deceased daughter of decedent. Testator by will provided, inter alia, "Second: I will and bequeath all my property be the same real personal or mixed unto my wife Susan Elizabeth Keown she to have and hold the same with power to sell transfer and make title to the same or any part thereof as fully and legally as I myself could have done.

Third: It is my wish and will that at the death of my wife Susan Elizabeth the property remaining of my estate shall be divided as follows, viz:

To my son John Keown the sum of two thousand dollars to be paid in one year after the death of my wife, but in the event of the said John Keown dying before the death of my wife, then the aforesaid sum of two thousand dollars is to be equally divided between my then surviving children.

It is my wish and will that the residue of my estate be the same real personal or mixed, be divided equally between my other six children, viz: Margaret Jane, William, Susan Maria, Eleanor, Elizabeth Anna and Thomas F. D. Keown, share and share alike, and in the event of any of said children dying before my wife, the share of such deceased child shall be equally divided between my then surviving children.

The shares bequeathed to my daughters is for their own separate use and that of their children should they have any, and is in no wise to be subject to transfer by other parties."

Decedent died seized of a tract of land, and there was also a tract standing in the name of his wife, but after her death all her heirs signed an agreement to the effect that, while the title to this property was in the wife, it had really belonged to the husband, and agreeing that it should be distributed as a part of his estate. Petitioner, the surviving husband and devisee of decedent's daughter Eleanor, filed a petition for partition of both tracts.

Subsequently William C. Doverspike, the surviving husband of one of decedent's grandchildren, filed his petition for a partition.

HAWKINS, P. J., filed the following opinion:

1. (a) It must be conceded that if testator had stopped at the first dispository clause his widow would have taken an absolute estate; but his will must be construed by its four corners, and that shows unmistakably an intent to give her a lesser estate. Her dispository clause raised only a presumption of fee which was explained and modified by subsequent provisions. The clause immediately following the first defines the extent and mode of her enjoyment which he intends she shall have of it. She might consume part or the whole of it, but power of disposition of "remaining property," if any, was denied her, for that was specifically and directly given to certain children. She might sell and transfer the "title," for the purpose of maintenance, but for no other. The fact that testator made provision, carefully and at length, for his children, shows that he had in contemplation a surplus of which they would have the benefit. The provision was unlike that in Good v. Fichthorn, 144 Pa. 287, to be made by the widow, but came directly from him. The children appear as intended objects of his bounty as clearly defined as the wife. The principle which underlies cases of this class is well settled. Both the admitted rules of legal construction and the statute of wills regard a limitation over after the death of the first taker in such case as evidence of an intention that the devisee or legatee of the prior estate in order of enjoyment is to have no more than an estate or interest for life: Sheets' Est., 52 Pa. 257. It was accordingly held in Schmid's Est., 182 Pa. 267, that where a residue was given to a wife with authority to sell, and if any of the same be left after her death, it should be divided among the children, gave her but a life estate with power of consumption.

Where under a similar provision the widow actually sold the land, it was held that the unused proceeds passed to the children: Brockley's App., 4 Atl. Repr. 210. See further, bearing on this question, review of cases in Schmid's Est., 182 Pa. 267.

(b) The devise to Mrs. Miller and her children falls within the principle of Hague v. Hague, 161 Pa. 643; Vaughan's Est., 230 Pa. 554; and, therefore, a life estate in her, and the remainder in the children who might be living at her death. The reason of the rule lies in the fact that the devise to children is to them as a class which cannot be ascertained until the death of the parent when the possibility of issue is extinct, and the parent can therefore, from necessity, take only a life estate. It is immaterial to the application of the rule that there are no children in existence when the will is made. In Oyster v. Knull, 137 Pa. 448, it was said nothing could "be predicted of the facts that the plaintiff was only ten years of age when his father died and has since remained unmarried and childless," and it is well settled that the devise will open up to let in children born after testator's death: Hague v. Hague, 161 Pa. 643.

The clause of prohibition of sale "by third parties," which follows this clause, is insensible as it stands. Read as a general prohibition it is against public policy; but restricted to the ascertainment of the class as was probably intended, it is legitimate and entirely in harmony with the construction above adopted, for it could not be known until then who were entitled to convey. There could have been no other purpose than to ensure the enjoyment of testator's bounty by his descendants: Hague v. Hague, 161 Pa. 643.

(2) The next question relates to the effect of the agreement touching Mrs. Keown's title. If the heirs of Mr. Keown had filed a bill in equity against his widow to enforce conveyance of this land and she had united with them in asking a decree, there could have been no

reason for refusing. The parties would have been competent to act and there was a strong equity to conveyance. The heirs of Mr. Keown, now also become the heirs of Mrs. Keown by intestacy, had full power to do, and voluntarily did, what the court might have done in the other event. It is objected that the agreement contemplates conveyance for a consideration. But the declared purpose was to recognize and establish Mr. Keown's title, and conveyance was a mere matter of evidence of an executed purpose, while the consideration expressed to be paid John Keown, Jr., was in fact the legacy which his father had given and to which he would, have been entitled in any event. Assuming, then, that Mr. Keown was the owner of this tract of land, as his heirs claimed and his wife's heirs admitted, it passed under his will and is a proper subject of partition as part of his estate.

The result of this course of reasoning is:

(1) That Mrs. Keown took under her husband's will but a life estate with power of consumption;

(2) That Mrs. Miller had but a life estate and her husband, therefore, no standing to seek partition;

(3) That the tract of land standing in Mrs. Keown's name at the date of her husband's death was part of his estate and is now subject to partition.

While Mr. Miller had no standing to seek partition it does not follow that these proceedings must be discontinued. The real parties have been brought on the record and thereby become actors. They are, therefore, given leave to make application for amendment of that record in accordance with this opinion within ten days from date of filing.

*Error assigned* was the decree dismissing the petition.

*Thomas P. Trimble,* with him *Edward C. Chalfant,* for appellants.—The family agreement was erroneously construed by the court and cannot operate as an estop-

pel: McKonkey's Appeal, 13 Pa. 253; Good v. Good, 9
Watts 567; Mehaffey v. Dobbs, 9 Watts 363; Muhlen-
berg v. Druckenmiller, 103 Pa. 631.

The devise to the wife conveyed a fee: Jauretche v.
Proctor, 48 Pa. 466; Evans v. Smith, 166 Pa. 625; Wit-
mer v. Delone, 225 Pa. 450; Second Ref. Presbyterian
Church v. Disbrow, 52 Pa. 219; McIntyre v. McIntyre,
123 Pa. 329; Shower's Est., 211 Pa. 297; Smith v. Piper,
231 Pa. 378.

The devise to the daughters conveyed a fee: Shirey v.
Postlethwaite, 72 Pa. 39; Crosky v. Dodds, 87 Pa. 359;
Dilworth v. Gusky, 131 Pa. 343; Moyer v. Rentschler,
231 Pa. 620.

The attempt to prohibit alienation was void: McIn-
tyre v. McIntyre, 123 Pa. 329.

*Frank W. Stonecipher,* with him *D. M. Alston* and
*John M. Ralston,* for William Keown and Thos. F. Dale
Keown, Jr., appellees.—Appellant has no standing to
maintain partition because his wife had only a life
estate: Coleman v. Grubb, 23 Pa. 393; Gass's App., 73
Pa. 39; Straus v. Wanamaker, 175 Pa. 213; Sower v.
Weaver, 84 Pa. 262; Caldwell v. Caldwell, 24 Pa. Su-
perior Ct. 230; Sheets' Est., 52 Pa. 257; Schmid's Est.,
182 Pa. 267; Trout v. Rominger, 198 Pa. 91; Martin v.
Heckman, 25 Pa. Superior Ct. 451; Hague v. Hague,
161 Pa. 643; Elliott v. Diamond Coal & Coke Co., 230
Pa. 423; Vaughan's Est., 230 Pa. 554; Cote v. Von Bonn-
horst, 41 Pa. 243; Oyster v. Knull, 137 Pa. 448; Shirey
v. Postlethwaite, 72 Pa. 39; Crosky v. Dodds, 87 Pa.
359; Dilworth v. Gusky, 131 Pa. 343; Moyer v. Rentsch-
ler, 231 Pa. 620; France's Est., 75 Pa. 220; King v. Sav-
age Brick Co., 30 Pa. Superior Ct. 582; Crawford v.
Forest Oil Co., 208 Pa. 5.

*Morton Hunter,* with him *James G. Montgomery,* for
Wm. C. Doverspike, appellee, cited, in addition, Hen-
ninger v. Henninger, 202 Pa. 207; Cox v. Sims, 125 Pa.

522; Taylor v. Bell, 158 Pa. 651; Zimmerman v. Anders, 6 W. & S. 218; Brockley's App., 4 Atl. Repr. 210; Witmer v. Delone, 225 Pa. 450; Wilen's App., 105 Pa. 121; Follmer's App., 37 Pa. 121; Burkholder's App., 105 Pa. 31; Nimick's Estate, 179 Pa. 591.

PER CURIAM, January 6, 1913:

These appeals were argued together and all questions raised by them are disposed of in the opinion of the learned president judge of the Orphans' Court, on which the decrees are affirmed.