## Zumbro, Appellant, *v.* Zumbro.

*Will—Executors and administrators—Life estate in wife—Consumption of estate—Payment by executrix—Moral consideration.*

Where a testator gives his estate to his wife for her life "to be used and taken care of, for her own benefit and comfort; then ......at the death of my wife.......all the estate that is left I devise and bequeath to my six children," and the widow as executrix pays voluntarily and without fraud or collusion to two of the children with whom the testator and widow lived, $500 each, and this payment is not contested until after the death of the widow, and ten years after the death of the testator, such payment will be upheld, where it appears from competent evidence that the two children to whom the payments were made had rendered services to the testator and his wife during the years immediately preceding the testator's death, that these services had not been compensated, and that the testator had requested his wife to pay for the services.

Under such a will a gift from the estate by the widow to a charity, church, or public institution, might not be considered within the purpose of the will, though intended to comfort the widow; but generally it may be said as long as she does not deplete the estate for the mere purpose of defeating the testator's intention, or of preferring certain heirs or beneficiaries, courts will be slow to condemn such expenditures as being contrary to the power lodged in the widow.

In such a case the widow's declarations after her husband's death are admissible, if it appears that they were made concerning her acts in dealing with the estate and property of the testator from her own knowledge, and as a recipient of a part of the benefit concerning which the declarations were made. They may be considered as a statement against interest.

It is not necessary that there should be a preexisting legal obligation to give effect to a moral obligation. It is because of the operation of a legal rule, that claims resting on a moral obligation are not enforceable as a legal obligation. They lack the element of an express contract.

In actions for money had and received the defendant may go into all the equities of the case, and if, in good conscience he may retain the money in his hands, there can be no recovery.

Argued Nov. 19, 1917.   Appeal, No. 82, April T., 1918, by plaintiff, from decree of C. P. Westmoreland Co., No.

600, (1918).] Opinion of Court below—Assignment of Error.

886, in Equity, dismissing bill in equity in case of Joseph A. Zumbro, Administrator C. T. A. D. B. N. of the Estate of Joseph Zumbro, deceased, v. Margaret M. Zumbro, Executrix of Sophia Zumbro, deceased, Margaret M. Zumbro and John S. Zumbro. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for discovery, accounting and payment of moneys alleged to have been fraudulently paid and received. Before COPELAND, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned,* amongst others, was decree dismissing the bill.

*Charles E. Whitten,* with him *Paul H. Gaither, Albert H. Bell* and *J. Clarke Bell,* for appellants.—Such payments cannot be sustained as gifts because the donations were not completed by the testator in his lifetime: Clapper v. Frederick, 199 Pa. 609.

In order to establish either a moral or a legal obligation to pay for services rendered to a parent during his last illness by a child living under his roof there must be proof of, (a) A contract so to pay; (b) The term of service, the kind of service and the value thereof, unless the price be fixed by the terms of the contract: Longstreth v. Philadelphia, 245 Pa. 233; Zimmerman v. Zimmerman, 129 Pa. 229.

*James S. Moorhead,* with him *Robert W. Smith,* for appellees.—The payments were proper: Tyson's Est., 191 Pa. 218; Allen v. Hirlinger, 219 Pa. 56; Richey's Est., 251 Pa. 324.

There was a moral obligation to support the payments: Bailey v. Philadelphia, 167 Pa. 569; Kennedy v. Ware, 1 Pa. 445; Sutch's Est., 201 Pa. 305; Rathfon v. Locher,

215 Pa. 571; Longstreth v. Philadelphia, 245 Pa. 233; Holden v. Banes, 140 Pa. 63; Stebbins v. Crawford County, 92 Pa. 289; Hemphill v. McClimans, 24 Pa. 367.

One who voluntarily pays money, with knowledge, or means of knowledge of the facts, and without fraud on him, cannot recover it because he paid in ignorance of the law: Real Estate Savings Institution v. Linder, 74 Pa. 3711; Robin's Est., 180 Pa. 630.

OPINION BY KEPHART, J., July 10, 1918:

Joseph Zumbro died in 1904. He devised his property as follows: "I do hereby give, devise and bequeath unto my beloved wife, Sophia Zumbro, all my real and personal estate......of whatsoever kind......for and during the term of her natural lifetime, to be used and taken care of for her own benefit and comfort; then......at the death of my wife.......all the estate that is left ......I......devise and bequeath to my six children." The widow, as executrix, paid two of the children, with whom the testator and widow had lived, $500 each. No effort was made to contest this payment until 1914, when Joseph, after his mother's death, succeeded her as administrator of his father's estate. He filed a bill for an accounting and to recover the money paid by the mother to the appellees. The payment was not a gift, nor was it for services or necessaries for the support of the widow since the testator's death; but it is contended the payment was made in satisfaction of a moral obligation due from the testator before his death and the testator, recognizing compensation was due to the children for services, directed his wife to make such payment. The court below found from the testimony that the appellees did render services to the testator and his wife during the years immediately preceding the testator's death, which was uncompensated, and that the testator requested his wife to pay for these services. It is urged that under the terms of the will and the facts found, the widow could have made this payment.

The widow had the power of consumption of the entire estate. What was left at her death, passed under the husband's will. The widow had a life estate with the limitation over to the children of so much of the estate that had not been used for her comfort, as directed by the will: Allen v. Hirlinger, 219 Pa. 56. In appropriating the estate as directed, she must act honestly and fairly. Her comfort may embrace a variety of things. It is not limited solely to the necessaries of life, but may include things which bring ease, contentment or enjoyment. It is sometimes difficult to say under what circumstances expenditures may be made through such authority and be considered within the purport of the will. A gift from the estate by the widow to a charity, church or public institution might not be considered within the purpose of the will, though it tended to comfort the widow. Generally, it may be said as long as she does not deplete the estate for the mere purpose of defeating the testator's intention, or of preferring certain heirs or beneficiaries, courts will be slow to condemn expenditures as being contrary to the power lodged in the widow: Tyson's Est., 191 Pa. 218; Allen v. Hirlinger, supra; Richey's Est., 251 Pa. 324. There was no evidence of dishonesty, mismanagement or fraud except such as might arise from the payment of the money to the appellees; but, considering the finding of the court below, supported as it is by the evidence, this circumstance passes entirely out of the case.

Some question is raised as to the competency of the evidence to sustain this finding. The testimony of witness Lash was unquestionably competent. It did show that services were rendered by the appellees and that the testator did direct his wife to compensate them for these services.

The widow's declarations after her husband's death were concerning her acts in dealing with the estate and property of the testator, made from her own knowledge and as a recipient of a part of the benefits concerning

which the declaration was made. It may be considered as a statement against interest, and evidence as to these declarations was competent. See Rozelle v. Lewis, 37 Pa. Superior Ct. 563; Allen's Est., 207 Pa. 325. The widow, before payment was made, would have been competent to testify as to these services.

The appellants urge that the same measure of proof was necessary to authorize the widow to act as would be necessary to support any claim against the estate of a decedent. Of course, if this were correct, then the executrix should not have paid these claims. But there is no doubt from the evidence that there was an obligation resting on a moral consideration to pay. It is not necessary that there should be a preëxisting legal obligation to give effect to a moral obligation. It is because of the operation of a legal rule that claims resting on a moral obligation are not enforceable as a legal obligation. They lack the element of an express contract. But a moral obligation has been recognized in law as justifying the payment of money in many instances where it could not be recovered in an action at law: Bailey v. Philadelphia, 167 Pa. 569; Kennedy v. Ware, 1 Pa. 445; Sutch's Est., 201 Pa. 305; Rathfon v. Locher, 215 Pa. 571; and cases cited in these opinions. But, however this question may be viewed, the father and mother both considered they owed these children something. They lived with them while the other children were away, and particularly during their later years. For more than a year during the father's last illness the daughter was in almost constant attendance at his bedside.

After the husband's death, the widow knew of the existence of his moral, if not a legal, obligation to pay. With the authority in the will and fortified by the verbal direction of her husband, her action in paying should not now be criticised. Especially is this true after a lapse of twelve or fourteen years.

While it is quite true the law jealously guards the estate of a decedent, under circumstances such as here disclosed, we are only confirming what the testator would have done had he been living. Further, the widow paid the money to these children voluntarily, without fraud or collusion on their part. The administrator, in succeeding to the powers that the widow had under the will, has no higher right to recover the money than his predecessor. It has been held in actions for money had and received, the defendant may go into all the equities of the case and if, in good conscience, he may retain the money in his hands there can be no recovery: Montgomery's App., 92 Pa. 202; Edgar v. Shields, 1 Grant 361; Robins's Est., 180 Pa. 630; Bank v. Donaldson, 7 W. and S. 407; Jackson v. Thomson, 222 Pa. 232. The learned judge who heard and reviewed the evidence clearly and convincingly disposed of the entire matter. The question of jurisdiction is not raised.

The decree of the court below is affirmed at the cost of the appellants.