## Caldwell's Estate.

*Decedent's estate—Advertisement of the granting of letters—Time for filing account—Act of June 7, 1917.*

1. The executors or administrators of every decedent should, immediately after the granting of letters to them, cause notice thereof to be given by advertisement as prescribed in section 10 of the Fiduciaries Act of June 7, 1917, P. L. 447, 469.

2. An account should not be filed before six months have expired from the granting of letters; if filed and presented for audit before the expiration of six months, it will be struck from the audit list and the register of wills ordered to mark the account filed as of that date, and to advertise it according to law.

Audit of account. O. C. Erie Co., Nov. T., 1921, No. 6.

*Otto Herbst*, for accountant; *Robert J. Firman*, for claimant.

CLARK, P. J.—This account was presented to the court for audit, when it appeared that the testator died May 5, 1921, letters were granted June 24, 1921, and the account filed with the register of wills Oct. 13, 1921, prior to the expiration of six months from the granting of letters as required by law.

The account was stricken from the audit list, the register of wills ordered to make the account filed as of the date when the order was made, and to advertise it according to law.

In this case the notice of letters having been granted was properly advertised in a newspaper and the legal periodical. There are several cases, however, where there has not been published any notice, and others where the account has been prematurely filed.

A brief reference to the law and judicial decisions relating to both of these matters seems appropriate at this time.

"The executors or administrators of every decedent shall, immediately after the granting of letters testamentary or of administration to them, cause notice thereof to be given" by advertisement, as prescribed in the Fiduciaries Act of June 7, 1917, § 10, P. L. 447, 469.

Section 10 of this act is section 1 of the Act of Feb. 24, 1834, P. L. 70, with additions of the notice to be published in the legal periodical and notice to debtors.

The act requires an immediate advertisement, and creditors may assume that an account need not be looked for until six months have expired after the first insertion of the advertisement, and the account should not be filed or audited until six months thereafter: Cotter's Estate, 27 Dist. R. 1023; s. c., 47 Pa. C. C. Reps. 76.

An account should not be filed before six months have expired from the grant of letters. If filed and presented for audit before the expiration of six months, it will be struck from the audit list and the register of wills ordered to mark the account filed as of that date and to advertise it according to law: Cooper's Estate, 29 Dist. R. 230.

Where distribution was made and no refunding bonds or other obligations were taken by the executors and an account filed within three months after probate of a will, and the account was confirmed a few days prior to the expiration of the year from the death of the testator, and subsequently one of the distributees, being a committee of a lunatic, absconded with funds of the lunatic's estate, it was held that the executors were liable for the loss: Robins's Estate, Robins et al.'s Appeal, 180 Pa. 630; Rastaetter's Estate, 15 Pa. Superior Ct. 549.

These are cases where the statutory period for filing an account was one year instead of six months, as now provided, but they are applicable in principle to the existing law.

Briefly, a notice of the granting of letters testamentary or of administration should be immediately thereafter published.

The account should not be filed with the register of wills until the period of six months has expired after the granting of letters.

From J. M. Force, Erie, Pa.