## Resh's Estate.

*Refunding bond—Refusal of corporate guardian to give bond for legacy to ward no ground for removal of guardian.*

Where an accountant, as executor, has money in his hands to which a trust company is entitled as guardian of a minor, and offers to pay the money to the guardian on receipt of a refunding bond, the refusal of the guardian to give the bond is not ground for its removal.

Act of Feb. 24, 1834, § 41, P. L. 70, 81, and the Fiduciaries Act of June 7, 1917, § 49, P. L. 447, 514, considered.

Petition for a citation to the Northampton Trust Company. O. C. Northampton Co.

*Smith, Paff & Laub,* for accountant.

*H. J. Steele,* for Northampton Trust Company.

STEWART, P. J., June 11, 1923.—This is a petition for a citation to the Northampton Trust Company, guardian of Elda M. Resh, to show cause why it should not be ordered to give the petitioner its refunding bond, and, in default thereof, to be removed from its guardianship. From the undisputed facts set forth in the petition and answer, it appears that the petitioner was the executor of a last will and testament. By that will the residuary estate was bequeathed to Elda M. Resh, of whom the Northampton Trust Company is guardian. Petitioner filed his account, and the same has been absolutely confirmed by this court. Petitioner has in his hands the sum of $1024.16 which Elda M. Resh is entitled to. He has offered the said sum to the trust company and demanded a refunding bond, which the trust company refused to give him. The answer of the trust company denies the right of the petitioner to demand a refunding bond, and avers that it is an incorporated trust company, subject to the rules of the Banking Department of the State of Pennsylvania, and under the rules of the department, when bonds are given, the same must be carried upon its books as an additional liability, and that imposes a hardship upon it which it ought not to be compelled to assume. It also avers that it is willing to receive the fund and discharge its duties as guardian. The argument of the learned counsel for the petitioner is based upon the assumption that the executor *has a right* to demand a refunding bond from the guardian. He relies upon our opinion in Arnold's Estate, 11 Northamp. Co. Repr. 205; Jones's Appeals, 99 Pa. 124; Rastaetter's Estate, 15 Pa. Superior Ct. 549, and Robins's Estate, 180 Pa. 630. An examination of these cases, together with the old Act of Feb. 24, 1834, P. L. 70, 81, and the Fiduciaries Act of June 7, 1917, P. L. 447, does not disclose any basis for such a claim. Under the old act, distribution could be made by the account-

4 D. & C.

ants at their own risk, or under the direction of the Orphans' Court, upon the distributees filing refunding bonds, or by auditors duly appointed by the court. Under the Fiduciaries Act, section 49 *(a)* provides as follows: "No executor or administrator shall be compelled to make distribution of the estate of his testator or intestate until six months be fully expired from the granting of the letters testamentary or of administration in the estate. After the expiration of such period, distribution may be ordered by. the Orphans' Court having jurisdiction of the accounts of the executor or administrator, on petition of any person having an interest in the assets to be distributed, or on petition of any creditor of the decedent." Section *(b)* provides as follows: "Executors or administrators may make distribution, and pay or deliver legacies, without the audit of their accounts, upon such security as may be satisfactory to them, nevertheless at their own risk, but without liability to any creditors of the decedent who shall not have given written notice to the executor or administrator within six months after the granting of letters testamentary or of administration, provided that such executor or administrator has complied with the provisions of section 10 of this act. Where distribution of a decedent's estate is awarded by the Orphans' Court after audit and confirmation of any account of the executors or administrators, such decree of distribution shall protect the executors or administrators from personal liability with respect to the property so distributed. In making distribution under such a decree, the executors or administrators shall not be entitled to demand refunding bonds from the distributees, except in the cases specially provided for by this act, and in other cases in which the court shall direct the giving of refunding bonds." *(c)* Provides for distribution where the estate does not exceed the value of $300. The commissioners who drafted the Fiduciaries Act speak of the first clause of *(b)* as a new clause. Section 10 of the act that is therein referred to simply provides for the giving of six weeks' notice of the granting of letters testamentary or of administration. Section 41 of the Act of 1834, which requires refunding bonds to be given by all distributees, was specifically repealed by the Fiduciaries Act. Refunding bonds may, however, be required since the Fiduciaries Act under exceptional circumstances: See Howe's Cases, 49 Pa. C. C. Reps. 261. Discussion of above sections may be found in Cotter's Estate, 27 Dist. R. 1023; Hayden's Estate, 28 Dist. R. 39; Caldwell's Estate, 2 D. & C. 27, and Callahan's Estate, 4 Erie, 200. In Cooper's Estate, 67 Pitts. L. J. 17, 29 Dist. R. 230, Judge Trimble said: "Attention is called to the first half of section 49 *(b)*, which makes it necessary for creditors to give the fiduciary written notice of their claims 'within six months after the granting of letters,' where the fiduciary has duly published notice thereof, and relieves the executor or administrator from all liability to the creditor if this notice is not given. Under this section, these queries arise: *(a)* Has not the legislature given to the fiduciary the right to distribute to those creditors only who have given written notice of their claims and to any other distributees without audit? *(b)* How may a creditor who has failed to give the statutory notice of his claim compel an accounting by virtue of the right given to him under section 46 *(a)* and section 49 *(a)* if the fiduciary has distributed all of the assets to those who have complied with the law? Has a creditor who has failed to give this notice, which, under the other sections of the act regulating orderly administration, followed by advertisement of the accounting, audit, confirmation and equitable distribution, is not required any longer, any standing as a creditor if distribution has been made, and is the fiduciary not entitled to a decree of confirmation because, under section 46 *(a)*, it is the duty of every

### Resh's Estate.

executor to account? The exemption from liability given by this section to the fiduciary is new in the law of Pennsylvania, and is referred to only because it is necessary to expressly distinguish between questions which may arise in determining the rights of the parties thereunder and those under the other sections of the act which are cited and relied upon as a basis of the decree to be entered in this case." We have found nothing in any act which gives the executor the right to have a refunding bond, and it follows that there is no cause for the guardian's removal upon its refusal to give such a bond. We have not examined the matter of increased liability that might be imposed on the guardian if it gave such a bond. If the executor is unwilling to pay, notwithstanding the protection to him, given under sub-section (b), he can ask for an auditor, and he will be absolutely protected by his report, if confirmed by the court. If he fails to ask for an auditor, the trust company, as guardian, can ask for one.

And now, June 11, 1923, citation is dismissed, at the costs of petitioner.

From Henry D. Maxwell, Easton, Pa.