## Lyman Estate

Before Sinkler, P. J., Klein, Bolger, Hunter and Lefever, JJ.

*Warren S. Spalding, Alfred W. Putnam* and *William Barclay Lex*, for exceptants.

*W. Horace Hepburn, Jr.*, contra.

BOLGER, J., April 13, 1951.—This controversy involves interpretation of the decision of the Supreme Court which reversed this court and held that the widow, life tenant, was not a debtor of the remaindermen: Lyman Estate, 366 Pa. 164.[1] The decision appears to rest upon what the court regarded as testator's paramount solicitude for his widow. Ordinarily, the only conclusion would be that if the widow was not a creditor, she was a trustee because these two relationships are the only classifications which the law has heretofore recognized. However, the Supreme Court opinion indicates she was not a trustee, referring to DuPuy's Estate, 346 Pa. 143, where the will by implication constituted the life tenant a trustee. We, therefore, believe the decision is sui generis and that although the widow was not declared to be a trustee, she was invested by testator with many of the attributes of a trustee among which, mainly, is that the remaindermen are required to take what is left of the residuary estate in kind. On the other hand, the incidents of debtor and creditor relationship, including the complete appropriation by the life tenant of testator's

---

[1] See Lyman Estate, 69 D. & C. 491.

assets in exchange for which she engaged her credit to reimburse the remaindermen are definitely excluded. The question here is whether the personal representatives of the life tenant and their counsel are entitled to compensation for the responsibility of the custody, accounting for and passing these assets over to the remaindermen. Were the life tenant a creditor, admittedly there would have been no such responsibility reposing in them. Since they had such responsibility, the learned auditing judge logically concluded that they were entitled to compensation for their services and in support thereof cited Rumsey's Estate, 287 Pa. 448. It is clear to us that the services rendered were necessary and involved more than the ordinary amount of work in cases of this kind. We sustain this conclusion because we hold that it is one of the incidents with which testator indirectly clothed the accountant, and it stems naturally from the testamentary intent. The only way in which the remaindermen, exceptants, could know what the life tenant had consumed and to what they were entitled was by an accounting. They, therefore, benefited by it and must take the benefits saddled with the expense of obtaining them. The fact that the life tenant received as executrix a commission at the audit of her account, does not detract from the necessity now of compensating those who have performed essential services of the estate after her death.

There was no serious objection to the reasonableness of the amounts of commission and counsel fee allowed by the auditing judge. However, we sustain them as allowed on the merits. The decision of any question in respect thereto rests within the sound discretion of the auditing judge. He found the requests reasonable and we do not disagree with him.

The exceptions are dismissed and the supplemental adjudication is confirmed absolutely.